UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-80820-Smith/McCabe

RAYMOND STAHON,

    Plaintiff,

v.

DANIEL GEORGE WOOD, et al.,

    Defendants.
_____/

LISA WOOD,

    Counter-Plaintiff,

v.

RAYMOND STAHON,

    Counter-Defendant.
_____/

LISA WOOD and DANIEL WOOD,

    Third-Party Plaintiffs,

v.

BENJAMIN F. CROSBY, III,

    Third-Party Defendant.
_____/

**REPORT & RECOMMENDATION**

THIS CAUSE comes before the Court upon Defendants /Third-Party Plaintiffs Lisa Wood and Daniel Wood's Expedited Motion to Remand and Objection to Removal and Motion for

Attorneys' Fees.  (DE 5).  For the reasons set forth below, the undersigned **RECOMMENDS** that the motion be **GRANTED** and that the case be **REMANDED** to state court.

I.     BACKGROUND

This is a real estate dispute.  According to state court records, on or about November 13, 2024, Plaintiff Raymond Stahon filed this suit in Florida state court against numerous Defendants, including Lisa Wood.  (DE 1-1).  Thereafter, on February 5, 2025, Defendant Lisa Wood filed a Third-Party Complaint against Third-Party Defendant Benjamin F. Crosby, III, arising out of the same facts and circumstances.  (DE 5-1 at 64).  On June 30, 2025, Third-Party Defendant Crosby, acting pro se, filed a Notice of Removal to this Court.  (DE 1).  This motion to remand followed.

II.    DISCUSSION

"Federal courts are courts of limited jurisdiction."  *King v. Gov't Emps. Ins. Co.*, 579 F. App'x 796, 800 (11th Cir. 2014).  "A defendant's right to remove an action against it from state to federal court is created and defined by statute, and removal statutes are strictly construed."  *Id.*  All doubts about removal jurisdiction should be resolved in favor of remand to state court.  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994).

Applying that standard here, the Court finds that this case must be remanded to state court because the removal statute, 28 U.S.C. § 1441, does not allow removal by third-party defendants. As the Supreme Court made clear in *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1745 (2019), the term "defendant" in 28 U.S.C. § 1441(a) "refers only to the party sued by the original plaintiff."  The Eleventh Circuit recently applied that holding in *Bowling v. U.S. Bank Nat'l Ass'n, As Tr. for C-Bass Mortg. Loan Asset-Backed Certificates, Series 2007-SP2*, 963 F.3d 1030 (11th Cir. 2020), reaffirming the Supreme Court's decision that a defendant who is not a party to the original action cannot remove a case under 28 U.S.C. § 1441(a) or (c).  In that case, the Eleventh

Circuit reversed a denial of remand, reasoning that a "third-party counterclaim defendant" is not a "defendant" who can remove under 28 U.S.C. § 1441(c). *Id*. at 1038.

Here, the record shows that Plaintiff did not name Crosby as an original defendant in the case. (DE 1-1). Rather, Defendant Lisa Wood added Crosby as a Third-Party Defendant in February 2025. (DE 5-1 at 64). As a Third-Party Defendant, Crosby had no statutory right to remove this case to federal court. As such, the case must be remanded to state court.

### III. <u>RECOMMENDATION & NOTICE OF RIGHT TO OBJECT</u>

For the reasons stated above, the undersigned **RECOMMENDS** that the motion to remand (DE 5) be **GRANTED** and that the case be **REMANDED** to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. In light of the fact that Third-Party Defendant Crosby filed the Notice of Removal on a pro se basis, the Court **RECOMMENDS** that no attorneys' fees be awarded against him.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the United States District Judge assigned to this case. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 21st day of July 2025.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE

3