**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  25-80820-CIV-SMITH/McCABE**

RAYMOND STAHON,

    Plaintiff,
v.

DANIEL GEARGE WOOD, *ET AL.*,

    Defendants.
_____/

LISA WOOD,

    Counter-Plaintiff,
v.

RAYMOND STAHON,

    Counter- Defendant.
_____/

LISA WOOD AND DANIEL WOOD,

    Third-Party Plaintiffs,
v.

BENJAMIN F. CROSBY, III,

    Third-Party Defendant.
_____/

**ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE**

This matter is before the Court upon the Magistrate Judge's Report and Recommendation [DE 21], in which the Magistrate Judge recommends granting in part Defendants/Third-Party Plaintiffs Lisa Wood and Daniel Wood's Expedited Motion to Remand and Objection to Removal and Motion for Attorneys' Fees [DE 5].  The Report and Recommendation recommends that the Motion to Remand be granted but that the Motion for Attorneys' Fees be denied.  Third-Party

Plaintiffs have not filed objections. Third-Party Defendant ("Crosby') has filed an Objection [DE 35].

Under Rule 4(b) of the Magistrate Judge Rules of the Southern District of Florida, written objections to a Report and Recommendation "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made, the specific basis for such objections, and supporting legal authority." *See also Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (stating that an objection to a magistrate judge's findings and recommendations "shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection") (citation omitted). Crosby has failed to specify any portion of the Report and Recommendation to which he objects; nor has he provided any supporting legal authority for his objection.

Crosby argues that the general rule that a third-party defendant cannot remove a state court action to federal court should not apply to him because he was not properly brought into this action. Crosby concludes by asking that the claims against him be dismissed. Crosby has presented no authority to support his contention that the general rule regarding third-party defendant removal should not apply to him. While an objection to a Report and Recommendation is not the appropriate vehicle to seek dismissal, Crosby has failed to provide any authority in support of dismissal of the claims against him. Thus, Crosby's Objection is overruled.

Having reviewed, *de novo*, the Report and Recommendation, the record, and the Objection, it is

**ORDERED** that:

1) The Magistrate Judge's Report and Recommendation [DE 21] is **AFFIRMED and ADOPTED** and incorporated by reference into this Court's Order.

2) Third-Party Defendant's Objection [DE 35] is **OVERRULED**.

3) Defendants/Third-Party Plaintiffs Lisa Wood and Daniel Wood's Expedited Motion to Remand and Objection to Removal and Motion for Attorneys' Fees [DE 5] is **GRANTED in part:**

  a) The Motion to Remand is **GRANTED.** The Clerk is directed to **REMAND** this case to the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

  b) The Motion for Attorneys' Fees is **DENIED.**

4) All pending motions not otherwise ruled upon are **DENIED as moot.**

5) This case is **CLOSED.**

**DONE and ORDERED** in Fort Lauderdale, Florida, this 18th day of August, 2025.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:  All counsel of record